**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN CRENSHAW,<br><br>Plaintiff,<br>vs.<br><br>DUSTIN KNEEMILLER, in his individual capacity, and ST. LOUIS COUNTY, MISSOURI<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-1514-SEP |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Doc. [8]. The motion is fully briefed. Docs. [9], [13], [14]. For the reasons set forth below, Plaintiff's federal claims are dismissed, and his state claims are remanded to state court.

**FACTS & BACKGROUND** [1]

On June 4, 2023, Plaintiff Steven Crenshaw had a confrontation with his neighbors. Doc. [4] ¶ 8. According to the Amended Complaint, during the confrontation, one of Plaintiff's neighbors, Joseph Brautigam, approached his yard and began yelling and waving his arms, so he "raised his gun to defend himself" and retreated to his garage. Doc. [4] ¶¶ 8-11. On police body cam footage submitted by Plaintiff, his neighbors tell police officers that shortly after they pulled into their driveway next door, Plaintiff shot ***at*** them for no reason. *Anderson Body Cam* at 1:38–2:00.[2] Brautigam recounts hearing the shot then charging toward Plaintiff, who then pointed a rifle and then a pistol at him. *Id.* at 4:26–5:25.

On the body cam video, Crenshaw admits to police that he fired the gun but denies shooting ***at*** anyone. He says his neighbors had been throwing things at his house, shooting BBs, parking and leaving trash in his yard for two years. *Kneemiller Body Cam* at 3:25–4:00; 5:40–8:10. "Tired of it," he "went off." *Id.* at 8:10–8:18. So he stood in his front yard, fired a round into the ground, "and told them this is going to stop!" *Id.* at 8:50–10:00.

---

[1] On review of a motion to dismiss, the Court assumes that the factual allegations in the Complaint are true. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[2] The body cam and dash cam recordings attached to the Complaint are on file with the Clerk of Court. Each recording is referred to by the name of the officer who captured the video.

Plaintiff was arrested and placed in the front passenger seat of Defendant Kneemiller's police car. Doc. [4] ¶¶ 20-21. He alleges that the car was extremely hot and that Kneemiller ignored his requests to turn on the air conditioning. *Id.* ¶¶ 21-22. The car's dash cam recording reflects that Plaintiff talked about his neighbors for 11 minutes before saying to Kneemiller, "your air don't work?" *Kneemiller Dash Cam* at 30:30–42:00. Officer Kneemiller responded immediately that it does. *Id.* at 41:55–42:00. A few minutes later, Plaintiff observed that the heat must be on, to which Kneemiller responded, "I didn't turn on the heat! You crack me up." *Id.* at 45:47–46:03. Plaintiff apologized for the suggestion and made no further comment about the temperature. *Id.*

Per the Amended Complaint, while Plaintiff was being transported to the precinct for processing, he began to sweat profusely through his clothes, became dizzy and light-headed, and developed a headache. Doc. [4] ¶ 23. When he arrived at the precinct, he was placed in a holding cell, still feeling dizzy and hot. *Id.* ¶¶ 25-26. He sat on the floor of the holding cell with his knees to his chest, and when officers asked what was wrong, he requested paramedics. *Id.* ¶¶ 27-28. The paramedics diagnosed him with heart issues and took him to the emergency room, where he received aspirin. *Id.* ¶¶ 28-29.

Kneemiller later filed a police report that incorrectly identified Plaintiff as a felon. *Id.* ¶ 33. Plaintiff was charged with two counts of unlawful possession of a firearm and one count of unlawful use of a weapon, which charges were later dismissed. *Id.* ¶¶ 34-35, 37.

Plaintiff sued Kneemiller and St. Louis County in state court for false imprisonment, malicious prosecution, negligence, negligent infliction of emotional distress, and unjust enrichment under state law, *id.* at 5-9, and for deprivations of his constitutional rights under federal law, *id.* at 9-11. Defendants removed the case to this Court, Doc. [1], and now move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. On review of a motion to dismiss, the Court accepts

Plaintiff's factual allegations as true and draws all reasonable inferences in his favor. *Healy v. Fox*, 46 F.4th 739, 743 (8th Cir. 2022). But the Court is not bound to accept "legal conclusions couched as [] factual allegation[s]." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 556).

Normally, if the Court considers matters outside the pleadings, a motion to dismiss must be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). But the Court may consider materials that are necessarily embraced by the Complaint, as well as any exhibits attached to the Complaint, without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Here, Plaintiff attached police body cam and dash cam recordings to the Complaint. Because they are attached to the Complaint and "[v]ideos of an incident are necessarily embraced by the pleadings," *Ching ex rel. Jordan v. City of Minneapolis*, 73 F.4th 617, 621 (8th Cir. 2023), the Court may consider the recordings in reviewing the motion to dismiss.

## Discussion

Plaintiff's federal claims arise under 42 U.S.C. § 1983. For any § 1983 claim to survive a Rule 12(b)(6) motion, Plaintiff must sufficiently allege that Defendants "deprived [him] of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff does not meet that requirement as to any of his claims.

### I. Plaintiff fails to state a claim for unreasonable seizure.

Count VI asserts that Defendants deprived Plaintiff of his right to be free from unreasonable seizure "by arresting him without probable cause based on false information that [he] was a convicted felon." Doc. [4] ¶ 85.

Under the Fourth Amendment, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against ***unreasonable*** searches and seizures, shall not be violated[.]" U.S. Const. amend. IV (emphasis added). But there is no constitutional prohibition against ***reasonable*** seizures, such as arrests supported by probable cause. *See Borgman v. Kedley*, 646 F.3d 518, 522-23 (8th Cir. 2011). An arrest is "consistent with the Fourth Amendment" if "the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Id.* (quoting *Fisher v. Wal-Mart Stores, Inc. et al.*, 619 F.3d 811, 816 (8th Cir. 2010)).

Assuming all of Plaintiff's allegations are true and drawing all reasonable inferences in his favor, the totality of the circumstances at the time of his arrest were sufficient for a reasonable person to believe he had committed an offense. One of the crimes with which he was charged was unlawful use of a weapon, which one can commit by knowingly exhibiting a firearm "in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1.(4). A past felony conviction is not a prerequisite. The video footage attached to the Complaint shows that Plaintiff was angry that his neighbors had been throwing things at his house, shooting BBs, parking in his yard, and leaving trash on his property. *Kneemiller Body Cam* at 3:25–4:00; 5:40–8:10. Plaintiff says he was "tired of it," and "went off." *Id.* at 8:10–8:18. He stood in his front yard and fired a round into the ground, telling his neighbors, "this is going to stop!" *Id.* at 8:33–10:00. Those circumstances were more than sufficient to lead a reasonable person to believe that he had committed the offense of unlawful use of a weapon by exhibiting a firearm in an angry manner.

Plaintiff thus fails to state a claim for unreasonable seizure.

## II. <u>Plaintiff fails to state a claim for deliberate indifference to his medical needs.</u>

Under Count VII, Plaintiff alleges that Defendants were deliberately indifferent to serious medical needs he developed while in custody, including profuse sweating, dizziness, headache, and heart issues. Doc. [4] ¶¶ 92-93.

Because Plaintiff was a pretrial detainee, the Court examines a challenge to the constitutionality of his conditions of confinement as a Fourteenth Amendment due process claim. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983). A pretrial detainee's "constitutional rights are violated if [state] officials exhibit deliberate indifference to [his] serious medical needs." *Wagner v. City of St. Louis Dep't of Pub. Safety*, 2014 WL 3529678, at *8 (E.D. Mo. July 16, 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To state such a claim, Plaintiff must allege that he had "an objectively serious medical need that the defendants knew of and yet deliberately disregarded." *Reece v. Hale*, 58 F.4th 1027, 1030 (8th Cir. 2023) (quoting *Ivey v. Audrain Cnty.*, 968 F.3d 845, 848 (8th Cir. 2020)).

Assuming Plaintiff alleges an objectively serious medical need, he does not plausibly allege that Defendants knew of that need and yet deliberately disregarded it. The attached videos reveal that, throughout his arrest, Plaintiff was calm, non-combative, able to answer questions and ask questions of his own, and not obviously injured. At times, he even joked and laughed with Officer Kneemiller. Such circumstances would not have made Defendants subjectively aware of a serious medical need. *See Grayson v. Ross*, 454 F.3d 802, 810 (8th Cir. 2006) (a reasonable jury could not infer that an officer was subjectively aware of a serious medical need where arrestee was calm, non-combative, able to sit and answer questions, and not obviously injured).

Plaintiff also alleges that when he indicated a medical need, Defendants addressed it. When he sat on the floor with his knees to his chest, officers asked what was wrong with him and called paramedics at his request, and he was taken to the hospital. Doc. [4] ¶¶ 27-29. Those allegations show the opposite of deliberate indifference. Defendants appropriately responded to Plaintiff's medical needs, once they were observed.

Plaintiff thus fails to state a claim for deliberate indifference to his medical needs.

**III. <u>Plaintiff fails to state a claim based on the heat in Kneemiller's car.</u>**

Also under Count VII, Plaintiff claims that Defendant Kneemiller was deliberately indifferent to his serious medical needs by leaving him "in a hot police cruiser with the heat on despite [his] complaints and visible distress, and when he ignored [his] requests for medical attention." *Id.* ¶ 94. While Plaintiff frames the claim as deliberate indifference, it may be better understood as a Fourth Amendment excessive force claim. *See, e.g.*, *Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002) (prolonged detention in a police car with the windows rolled up on a 90-degree day constituted excessive force under the Fourth Amendment). Either way, the allegations are insufficient to state a claim.

The dash cam video Plaintiff attached to the Complaint shows that Plaintiff was in Kneemiller's police cruiser for only about half an hour, during which he made no requests for medical attention due to heat. *Kneemiller's Dash Cam* at 31:30–1:01:30. Even assuming the car was hot, 30 minutes in it would not qualify as excessive force. *See Joseph v. Donahue*, 392 F. Supp. 3d 973, 990–91 (D. Minn. 2019) ("[I]n cases where a detainee's confinement in a hot, unventilated vehicle lasted 30 minutes or less, no excessive force has been found.") (collecting cases). Nor would the alleged circumstances have made Kneemiller subjectively

aware of a serious medical need. *See, e.g.*, *Reece*, 58 F.4th at 1030-31 (finding a greater showing of distress insufficient to ground an inference of subjective awareness).

Plaintiff thus fails to state a claim based on the heat of the car.

## IV. <u>The *Monell* claims against the County fail.</u>

Plaintiff also asserts his 42 U.S.C. § 1983 claims against Defendant St. Louis County. *See* Doc. [4] at 9-11; *see also id.* ¶ 94 ("Defendant St. Louis County was deliberately indifferent through its policies, customs, or practices that allowed such conduct."). A county may be found liable for a constitutional violation under § 1983 only if the violation resulted from an official county policy, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), an unofficial county custom, *id.*, or a deliberately indifferent failure to train or supervise, *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). But such a claim presupposes a constitutional violation. *See Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007) ("Without a constitutional violation by the individual officers, there can be no § 1983 or *Monell* . . . municipal liability."). As Plaintiff has not successfully alleged any such violation, his *Monell* claims against the County also fail. *See id.*

## V. <u>The Court declines to exercise jurisdiction over Plaintiff's state law claims.</u>

The rest of Plaintiff's claims arise under state law. Doc. [4] at 5-9. Having dismissed the only claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3); *Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [8], is **GRANTED** as to Count VI and VII of Plaintiff Crenshaw's First Amended Petition, Doc. [4]. Those claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims be **REMANDED** back to the Twenty First Judicial Circuit for further adjudication.

Dated this 30th day of September, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE